FILED
2013 Sep-30 PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDRINA LANDO LOZANO,        )
                              )
        Plaintiff            )
                              )
    vs.                       )    Case No.  2:11-cv-03475-KOB
                              )
BURLINGTON COAT FACTORY       )
OF ALABAMA, LLC,              )
                              )
        Defendant             )

# MEMORANDUM OPINION

On August 21, 2013, the magistrate judge entered his report and recommendation, recommending that the court grant the Defendant's summary judgment motion as to the Plaintiff's Title VII claims in Counts I and II of the Complaint but deny the motion as to the FLSA claims in Count III.  (Doc. 22).  On September 4, 2013, the Defendant filed objections to the magistrate judge's report and recommendation, along with a brief supporting its objections.  (Docs. 23 & 24).  The Defendant argues that summary judgment should be granted on the FLSA count because the evidence of the Plaintiff's managerial duties comports with the Department of Labor regulations for determining whether an employee's job duties qualify for the executive exemption.  The Plaintiff filed no objections.

The court has carefully considered the entire record in this case, including the magistrate judge's report and recommendation and the Defendant's objections and brief.  The court hereby ADOPTS the report of the magistrate judge and further ACCEPTS his recommendations as to the Title VII counts.  The court agrees that it should GRANT the Defendant's motion for summary judgment as to the Plaintiff's Title VII claims in Counts II and III for racial discrimination, racially hostile environment, and retaliation based on her complaints of sexual harassment.  The court finds that no genuine issue of material fact exists as to any of the Plaintiff's Title VII claims and that the Defendant is entitled to judgment as a matter of law.

However, as to the FLSA issue in Count III, the court disagrees with and rejects the magistrate judge's finding that a disputed issue of fact as to the Plaintiff's job duties precludes summary judgment as to whether Burlington established the executive exemption defense.  The magistrate judge found that Burlington met the first three prongs necessary to establish that it correctly classified Lozano's job as exempt.

> The  Department of Labor (DOL) regulations specify that an employee qualifies as an executive if the employee is:
>
> (1) Compensated on a salary basis at a rate of at least $455 per week;
> (2) Whose primary duty is management;

> (3) Who customarily and regularly directs the work of two or more other employees;

(Doc. 22 at 31) (quoting 29 C.F.R. § 541.100(a)).

At issue is whether, as the magistrate judge found, a genuine issue of fact exists as to whether Lozano is an employee "(4) Who has the authority to hire and fire other employees or whose suggestions and recommendation as to the hiring, firing, advancement, promotion, or any other change in status of other employees are given particular weight." *Id*.

Although Burlington may dispute some of Lozano's testimony, the court accepts her version for the purpose of summary judgment. The relevant dispute focuses on her testimony that, although her job duties provided that she was to make recommendations regarding hiring and promoting staff, and she performed those duties between five and ten times, her recommendations were never accepted. She testified that her recommendations were always overridden by the store manager. She did coach two employees and issued a final written warning, a form of discipline, to two employees during her short five-and-a-half month tenure.

Factors that the DOL considers relevant to determining whether an employee's participation in the hiring and disciplinary process satisfies the final prong of the executive exemption test include: "whether it is part of the

employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon." 29 C.F.R. § 541.105.

As noted above, Lozano's job duties specifically required her participation in the hiring, promoting, and disciplining process by making recommendations. She testified that she made hiring recommendations five to ten times during five-and-a-half months—an average of one to two times a month.  She also coached two employees and participated in disciplining two employees.  Inherent in the concept of "frequency" is the duration of the employee's term of employment. Considering that ninety days of Lozano's employment included her probationary period enhances the "frequency" of her participation. So the first two factors are met.

As the DOL regulations recognize, an employee's recommendations "may still be deemed to have 'particular weight' even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." 29 C.F.R. § 541.105. Although Lozano's supervisor disagreed with her recommendations, no one disputes that she participated, as her job duties required,

in the hiring, promoting, and disciplining of employees on numerous occasions during her brief tenure at Burlington.

The mere fact that higher management does not accept an employee's recommendation does not prevent an employer from establishing the applicability of the managerial exemption when the other factors are met.  *See, e.g.*, *Hicks v. Mercedes-Benz U.S. Int'l*, 877 F. Supp. 2d 1161, 1180-81 (N.D. Ala. 2012) (granting summary judgment for employer despite plaintiffs' contention that their evaluations of employees' performance and issuance of corrective action were not given "particular weight"); *Rozenblum v. Ocean Beach Props.*, 436 F. Supp. 2d 1351, 1363–64 (S.D. Fla. 2006) (holding plaintiff's recommendations were given "particular weight" where it was undisputed that he made recommendations regarding changes in status, including employees' performance); *see also Gellhaus v. Wal-Mart Stores, Inc.*, 769 F. Supp. 2d 1071, 1081-83 (E.D. Tex. 2011) (granting summary judgment for employer despite plaintiff's testimony that her recommendations regarding employee status were not followed); *Buechler v. DavCo Rests., Inc.*, 2009 WL 3833999, at *6 (D. Md. Nov. 16, 2009) (granting summary judgment for employer where plaintiff's job description included recommending candidates for employment, even though no evidence of the frequency with which plaintiff's suggestions were requested or relied upon); *see, e.g., Slusser v. Vantage Builders, Inc.*, 576 F. Supp. 2d 1207, 1221-23

(D.N.M. 2008) granting summary judgment for employer even though evidence indicated that employer did not follow plaintiff's recommendations).

Therefore, the court finds the fact that Lozano's recommendations were not accepted does not create a genuine issue about the propriety of her classification as exempt under 29 C.F.R. § 541.100.

The court agrees with the magistrate judge's pronouncement that Plaintiff's salary met the first element (Doc. 22 at 32); that "plaintiff's primary job function was one of management," that she "was clearly involved in management activities and oversaw the activities of two or more employees in the execution of those duties," meeting the second and third elements of 29 C.F.R. § 541.100. (Doc. 22 at 35). Having found that Lozano's job duties also met the fourth element of the executive exemption, the court finds that Burlington is entitled to summary judgment on that count as well.

Therefore, the court REJECTS the recommendation as to Count III and instead will enter SUMMARY JUDGMENT in favor of Burlington and against the Plaintiff Lozano on that Count.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 30th day of September, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE